ATTORNEY GENERAL LOVING HAS RECEIVED YOUR REQUEST FOR OPINION ANSWERING THE FOLLOWING QUESTION:
 MAY A SCHOOL BOARD LAWFULLY PURCHASE SERVICES FROM A FILLING STATION WHICH EMPLOYS A MEMBER OF THE SCHOOL BOARD?
ATTORNEY GENERAL LOVING HAS ASKED THAT I RESPOND TO YOUR REQUESTS.
AFTER CAREFULLY EXAMINING THE STATUTES RELEVANT TO YOUR REQUEST, IT APPEARS THAT THE ANSWER TO YOUR QUESTION MUST DEPEND UPON THE SPECIFIC NATURE OF THE FACTS GIVING RISE TO THE INQUIRY. IT HAS LONG BEEN THE POLICY OF THIS OFFICE NOT TO PRESUME TO ISSUE OPINIONS WHICH DEPEND FOR THEIR RESULT UPON THE INTERPLAY OR DETERMINATION OF FACTUAL CIRCUMSTANCES. FOR THIS REASON, IT APPEARS THAT THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL WOULD BE INAPPROPRIATE HERE.
THE DIFFICULTY WITH ANSWERING YOUR QUESTION COMES FROM MY INABILITY TO ASCERTAIN WHETHER OR NOT THE SCHOOL BOARD MEMBER IS "DIRECTLY OR INDIRECTLY INTERESTED IN THE FILLING STATION WITH WHICH THE SCHOOL BOARD IS DOING BUSINESS UNDER THE TERMS OF 70 O.S. 5-124 (1990). THE RELEVANT PROVISIONS OF 70 O.S. 5-124 PROHIBIT BOARDS OF EDUCATION FROM CONTRACTING WITH ANY OF THEIR MEMBERS OR WITH ANY COMPANY, INDIVIDUAL, OR BUSINESS CONCERN IN WHICH ANY OF THEIR MEMBERS SHALL BE DIRECTLY OR INDIRECTLY INTERESTED.
IT HAS BEEN HELD IN PRIOR OPINIONS (ATTORNEY GENERAL OPINION NOS. 77-167 AND 74-181, COPIES OF WHICH I HAVE ATTACHED FOR YOUR CONVENIENCE) THAT IN SOME INSTANCES A SCHOOL BOARD IS PROHIBITED FROM MAKING PURCHASES OF MATERIALS AND SUPPLIES IN THE OPEN MARKET FROM A FIRM OR COMPANY THAT EMPLOYS ONE OF ITS MEMBERS, AND PRESUMABLY THE SAME WOULD BE TRUE OF THE PURCHASE OF SERVICES FROM A FIRM OR COMPANY WHICH EMPLOYS A MEMBER OF THE SCHOOL BOARD.
FROM PRIOR ATTORNEY GENERAL'S OPINIONS, THEN, IT IS APPARENT THAT THE EMPLOYMENT OF A SCHOOL BOARD MEMBER CAN BE SUFFICIENT TO TRIGGER THE PROHIBITIONS OF 70 O.S. 5-124 TO PREVENT A SCHOOL BOARD FROM DOING BUSINESS WITH AN ENTERPRISE. FROM YOUR REQUEST, HOWEVER, IT IS NOT POSSIBLE TO DETERMINE WHETHER OR NOT THE SPECIFIC SCHOOL BOARD MEMBER IS INTERESTED, DIRECTLY OR INDIRECTLY, IN THE FILLING STATION. IT IS, THEREFORE, IMPOSSIBLE TO DETERMINE IF PURCHASE OF MATERIALS AND SERVICES FROM THE FILLING STATION WHICH EMPLOYS THAT MEMBER WOULD FALL WITHIN THE PROHIBITIONS OF 70 O.S. 5-124 (1990).
(REBECCA RHODES)
(CONFLICT OF INTEREST)